UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SOLSTICE OIL & GAS I LLC                    CIVIL ACTION

VERSUS                                      NO: 12-2417

OBES INC. ET AL.                            SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is Third-Party Defendant New Tech Global
Ventures, L.L.C. (New Tech)'s **Motion for Summary Judgment (Rec.
Doc. 115)**, Defendant OBES Inc. (Ole Brook)'s opposition thereto
(Rec. Doc. 124), and New Tech's reply. (Rec. Doc. 129) Having
considered the motion and memoranda of counsel, the record, and
the applicable law, the Court finds that New Tech's motion should
be **GRANTED** for the reasons set forth below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of the drilling of the ML Mann et al.
No. 1 Well in West Avondale Field, St. Charles Parish, Louisiana.
On August 15, 2011, JAM Petroleum, L.L.C. (JAM) and Solstice Oil
& Gas, LLC (Solstice) entered into a Joint Operating Agreement
(JOA) regarding the establishment of oil and gas leases. The JOA
provides that JAM is the Operator of leases formed under the
agreement, and Solstice is a non-operating interest-holder. In
its role as Operator, JAM contracted with Ole Brook to provide
JAM and Solstice with a directional driller and directional

driller services. Ole Brook alleges that JAM also entered into an agreement with New Tech under which New Tech was to provide independent consultants to assist with supervising operations at the Well.

The drilling of the Well did not go as planned, however, and on October 1, 2012, Solstice filed suit against Ole Brook. (Rec. Doc. 115-1, p. 2) Solstice alleges that Ole Brook did not drill the Well according to specifications. Id. Consequently, Solstice claims that Ole Brook breached its obligations under the MSA, industry standards, and the standard of performance warranted in the MSA. Id. Solstice further asserts that Ole Brook breached the MSA by failing to protect it from liens filed against the Well. Id. at 3. Solstice subsequently filed a First Amended Complaint asserting a negligence claim against Ole Brook based on the same conduct described in the original complaint. Id.

Ole Brook denied the allegations in Solstice's complaint and filed third-party complaints alleging that the third-party defendants named therein are liable to it for all or part of the claims asserted by Solstice. Ole Brook's original Third-Party Complaint named six third-party defendants, including JAM, two members of JAM, and two insurers of JAM. (Rec. Doc. 31) Ole Brook subsequently filed a First Amendment to Third-Party Complaint

naming St. Paul Fire & Marine Insurance Company in its capacity as alleged insurer of JAM (Rec. Doc. 63). Ole Brook filed a Second Amendment to Third-Party Complaint naming New Tech. Ole Brook alleges that New Tech's negligence while supervising the Well operations caused Solstice's damages and, consequently, New Tech is liable to Ole Brook under theories of tort contribution, negligence, and pursuant to the agreement between JAM and New Tech. (Rec. Doc. 85)

New Tech filed the instant Motion for Summary Judgment with this Court on September 8, 2014. (Rec. Doc. 115) On September 30, 2014, Ole Brook filed an Opposition to New Tech's Motion for Summary Judgment. (Rec. Doc. 124) New Tech filed a Reply in Support of its Motion for Summary Judgment on October 8, 2014. (Rec. Doc. 129)

THE PARTIES' ARGUMENTS

## A. Tort Contribution, Legal Indemnity, and Direct Negligence

Third-Party Defendant New Tech argues that it is entitled to summary judgment on Ole Brook's negligence and contribution claims because these are not legal claims available to Ole Brook under Louisiana law. First, absent a contractual relationship between the parties or intentional acts committed by tortfeasors in concert, a contribution action is not an independent cause of

3

action in Louisiana under Louisiana Civil Code article 2324. Specifically, New Tech stresses that New Tech and Ole Brook never entered into a contractual relationship, and Ole Brook has only asserted non-intentional tort claims against New Tech. Therefore, New Tech contends that Ole Brook "has no right to any contribution claim against New Tech." (Rec. Doc. 115-1, p. 6) Second, New Tech contends that although Ole Brook may have asserted a separate negligence cause of action against New Tech, "Ole Brook's negligence claim is merely a contribution claim in disguise." Specifically, because Ole Brook seeks to recover for "Solstice's alleged damages and not Ole Brook's own alleged damages," New Tech urges this Court to analyze Ole Brook's negligence claim as a contribution claim. (Rec. Doc. 115-1, p. 7)(emphasis omitted). Finally, New Tech argues that Ole Brook did not state a claim for tort indemnity and should not be permitted to construe its negligence claim as such. Even if the Court were to consider the tort indemnity claim, however, New Tech argues that such claim is without merit because Solstice's allegations against Ole Brook could not give rise to a finding of liability on the part of Ole Brook that is entirely constructive or derivative in nature.

4

Ole Brook asserts that New Tech is not entitled to summary judgment. Ole Brook argues that, to the extent its contribution claim is not recognized under Louisiana law, it has nonetheless alleged sufficient facts showing it is entitled to relief under a legal or tort indemnity theory. (Rec. Doc. 124, p. 4) Ole Brook reasons that it has set forth a legal basis for a finding of legal or tort indemnity because evidence at trial will show that Solstice's alleged damages were caused by the fault of JAM and New Tech. Ole Brook also maintains that Rule 8(a) of the Federal Rules of Civil Procedure only requires a complaint to provide the court's jurisdictional bases and "a short and plain statement of the claim showing the pleader is entitled to relief." As such, Ole Brook's complaint was not required to identify a legal theory in its Second Amendment to Third-Party Complaint against New Tech and, regardless, "specifying an incorrect theory is not fatal." (Rec. Doc. 124, p. 4) (quoting <u>Bartholet v. Reishauer A.G. (Zurich)</u>, 953 F.2d 1073,1078 (7th Cir. 1992)). Accordingly, New Tech's Motion for Summary Judgment should be denied.

**B. Prescription**

In the alternative, New Tech contends that even if this Court finds that Ole Brook's negligence claim against New Tech is a separate claim, Ole Brook's claim has prescribed. New Tech argues that Louisiana's prescription laws apply to this case

5

because when Louisiana substantive law applies, as here, "the prescription and preemption of [Louisiana] applies" according to Louisiana Code of Civil Procedure article 3549. Thus, the one-year prescriptive period provided by Louisiana Code of Civil Procedure article 3492 for delictual actions applies. New Tech argues that prescription began running from the day Solstice sustained injury or damage, that is, on or before January 3, 2012. Therefore, Old Brook's claims had prescribed by the time Old Brook filed its third-party complaint against New Tech on March 20, 2014.

New Tech also contends that if this Court finds Louisiana Code of Civil Procedure article 1153 applicable to Ole Brook's claims due to the amended complaint filed by Solstice on June 26, 2013, Ole Brook failed to meet the procedural requirements set forth in that article because Ole Brook did not file the third-party complaint against New Tech within ninety days of the date of service of Solstice's main demand. Article 1153 provides that "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." New Tech insists that Ole Brook's third-party complaint against New Tech does not "relate back" to Ole Brook's

original third-party complaint against JAM because the "relate back" doctrine under article 1153 does not apply to third-party demands. As such, Ole Brook's claim against New Tech had prescribed at the time Ole Brook filed its Second Amendment to Third-Party Complaint against New Tech.

Ole Brook counter argues that federal procedural law applies in this case. Thus, because the Federal Rules of Civil Procedure would permit Ole Brook to bring its third-party claim against New Tech, this Court cannot find that such claim has prescribed.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party,

but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." <u>Delta</u>, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" <u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." <u>Id.</u> at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. <u>See Celotex</u>, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. <u>See id.</u> at 324. The

8

nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. <u>See, e.g.</u>, <u>id.</u> at 325; <u>Little</u>, 37 F.3d at 1075.

**DISCUSSION**

**A. Tort Contribution, Negligence, and Legal Indemnity**

"Contribution permits a tortfeasor who has paid more than his share of a *solidary obligation* to seek reimbursement from the other torfeasors for their respective shares of the judgment, which shares are proportionate to the fault of each." <u>Hamway v. Braud</u>, 2001-2364, p. 5 (La. App. 1 Cir. 11/8/02); 838 So. 2d 803, 807. Thus, contribution applies only when joint tortfeasors are solidarily liable. <u>See</u> <u>id.</u> However, the 1996 amendments to Louisiana Civil Code article 2324 "abolish[ed] solidary liability among joint tortfeasors except in the case of intentional torts." <u>Farbe v. Casualty Reciprocal Exchange</u>, 2000-0076, p. 3 n.3 (La. 7/6/00); 765 So. 2d 994, 996 n.3. Today, absent such intentional or willful conduct, "[a] joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person." LA. CIV. CODE ANN. art. 2324. Here, Ole Brook has not alleged claims of intentional tort against New Tech. The

9

Court therefore finds that New Tech is entitled to summary judgment on Ole Brook's claim for contribution.

Next, the Court addresses Ole Brook's negligence claim against New Tech. Because Ole Brook asserts the negligence claim against New Tech for damages suffered by Solstice, the Court construes Ole Brook's claim as one for legal or tort indemnity. "Indemnity, which is based in the concept of unjust enrichment, may lie when one party discharges a liability, which another rightfully should have assumed." Hamway, 838 So. 2d at 806. Legal indemnity "arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed." Id. Thus, a party who is at all at fault does not have a claim for legal indemnity. Id. "[B]ecause the party seeking indemnification must be without fault, a weighing of the relative fault of tortfeasors has no place in the concept of indemnity." Nassif v. Sunrise Homes, Inc., 98-3193 (La. 6/29/99); 739 So. 2d 183, 185. A court must analyze the "nature, not the quantum, of the fault, if any, of the party seeking indemnity." Lombard v. New Orleans Naval Support Activity, No. Civ.A.03-3020, 2004 WL 2988483, at *6 (E.D. La. Dec. 10, 2004)(Africk, J.). As such, the question before the

10

Court is whether Ole Brook's fault is wholly constructive or derivative in nature, and therefore, Ole Brook is without actual fault.

In analyzing whether a defendant's fault could be entirely constructive or derivative in nature, a court will look to the plaintiff's complaint against the defendant seeking indemnity. "If the facts alleged by a plaintiff against the party seeking indemnity do not show that a defendant's liability could be predicated upon mere constructive or derivative fault, such defendant cannot state a cause of action for indemnity." Lombard, 2004 WL 2988483, at *6. For example, in Romero v. Witherspoon, the U.S. District Court for the Western District of Louisiana held that a defendant did not have a claim for indemnity when the plaintiffs' allegations against him were for active negligence. 7 F. Supp. 2d 808, 812 (W.D. La. May 7, 1998)(applying Louisiana law). Specifically, the plaintiffs alleged that three doctors negligently failed to diagnose their daughter's brain tumor. Id. at 810, 812. One doctor alleged that the other doctors were in fact responsible for the failure to diagnose. Id. at 812. The court reasoned that the claim of negligent failure to diagnose was not "passive, technical, or vicarious" in nature. Id. Thus, the Court noted that if the doctor seeking indemnity were found

11

to be liable for the plaintiffs' injuries, then it would be for his actual fault. Id.

Similarly, in Hamway, the Louisiana Court of Appeal for the First Circuit held that a claim for indemnity could not lie where the party seeking indemnity actually committed the acts leading to the plaintiff's injuries. See 838 So. 2d at 805-06. There, the plaintiff brought his car to Hamway's garage for repairs to the transmission, but a dispute arose. Id. at 805. Consequently, the plaintiff hired a tow truck to take his car elsewhere. Id. During the relocation, the car's upholstery was damaged by the transmission parts that Hamway's employees had placed inside the car. Id. Hamway brought an action for indemnity against the towing company, alleging that they instructed Hamway's employees to place the parts in the car. Id. at 806. However, because Hamway's employees actually placed the parts in the car, Hamway's fault was not constructive or derivative. Id. Additionally, judgment had been rendered against Hamway, finding him to be at fault for the plaintiff's damages. Id.

The Court finds that the allegations contained in Solstice's complaint would not support a finding of liability based entirely upon constructive or derivative fault. As in Romero, Solstice alleges that Ole Brook engaged in active negligence when it alleges that, for example, Ole Brook negligently failed to

12

properly steer the Well when it furnished faulty tools, relied on inaccurate data, or failed to verify the functionality of its tools. Ole Brook would not be held liable for these acts or omissions unless Ole Brook performed or failed to perform them. Thus, Ole Brook's fault could not be constructive or derivative. Moreover, Ole Brook cannot state a claim for indemnity by alleging that New Tech's site supervisors instructed them to do the acts that caused Solstice's injuries. Like the garage in Hamway, Ole Brook still performed acts that allegedly caused Solstice's injuries. Ole Brook therefore is similarly unable to state a claim for indemnity. Although this case differs from Hamway in that a judgment has not issued against Ole Brook, the Court nevertheless concludes that Ole Brook's role was not entirely passive.[1] Thus, any finding of fault would not be purely constructive or derivative in nature. Ole Brook will not be required to pay any portion of Solstice's damages that may be attributable to New Tech's fault, however, Ole Brook is not entitled to indemnity. See, e.g., Manthos v. Jefferson Parish Library Dept., No. 07-1302, 2008 WL 2510573, at *3 (E.D. La. June 17, 2008)(Africk, J.); St. Martin v. Quintana Petroleum Corp.,

---

[1] The Court would like to clarify that it does not conclude here that Ole Brook's actions constitute negligence, and thus that its "active role" necessarily renders it liable to any party. The Court makes no finding as to liability. Rather, the Court finds that Ole Brook played an active role at the Well.

No. CIV. A. 98-2095, 2001 WL 121900, at *1 (E.D. La. Feb. 9, 2001)(Berrigan, J.). Thus, the Court finds that New Tech is entitled to judgment as a matter of law on Ole Brook's legal indemnity claim.

## B. Prescription

The Court will not address New Tech's assertions that Ole Brook's negligence claim has prescribed. As explained above, the Court construes Ole Brook's negligence claim as one for legal indemnity because Ole Brook asserts that New Tech is liable for Solstice's damages. The Court finds, however, that New Tech is entitled to judgment as a matter of law on Ole Brook's legal indemnity claim because Solstice's allegations against Ole Brook could not give rise to a finding of liability that is entirely constructive or derivative in nature. Because Ole Brook's legal indemnity claim is without merit, the Court need not address any arguments regarding prescription. Accordingly,

**IT IS HEREBY ORDERED** that New Tech's motion is **GRANTED.**

New Orleans, Louisiana this 29th day of October, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

14